SO ORDERED.

SIGNED this 01 day of June, 2011.

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

DENNIS R. MCDONALD,                                    CASE NO. 10-09196-8-JRL

    DEBTOR.                                                       CHAPTER 13

## ORDER

This matter came before the court on the debtor's motion to set aside dismissal of his chapter 13 case. A hearing was held on May 18, 2011, in Wilmington, North Carolina.

The debtor filed a petition for relief under chapter 13 of the Bankruptcy Code on November 5, 2010. The case was dismissed on March 10, 2011, for failure to make payments under the plan. The debtor testified that he wanted to set aside the dismissal in lieu of filing a new case in order to prevent foreclosure. However, it became apparent during testimony at the hearing that the mortgage company conducted a foreclosure sale on April 25, 2011. While the court is sympathetic to the debtor's situation, it is well established in this district and under North Carolina law that a sale of real property cannot be set aside after the ten-day upset bid period has expired. See In re Barham, 193 B.R. 229, 232 (Bankr. E.D.N.C. 1996), In re Smith, 24 B.R. 19 (Bankr. W.D.N.C. 1982), Goad v. Chase Home Fin., LLC, 704 S.E.2d 1 (N.C. Ct.

App. 2010).

      Generally, the stay will prevent a creditor from exercising control over estate property and prevent a creditor from conducting a foreclosure sale. See 11 U.S.C. § 362. However, once a case is dismissed, the stay is lifted and creditors are free to exercise their right to foreclose. In North Carolina, once a foreclosure sale is conducted, a ten-day upset bid period commences during which any person may bid on the real property. See N.C. Gen. Stat. § 45-21.27. The debtor also retains an equitable right of redemption over the property during this time period. See Anderson v. Moore, 63 S.E.2d 641, 644 (N.C. 1951). However, once this ten-day period has expired, the purchaser's rights become fixed and the property would no longer be included in a subsequent bankruptcy estate or affected by the stay. In re Figured, 2009 Bankr. LEXIS 2580 (Bankr. E.D.N.C. 2009); In re Barham, 193 B.R. at 232. In this case, the stay was lifted when the case was dismissed and the mortgage company properly conducted a foreclosure sale on April 25, 2011.

      Based on the foregoing, the motion to set aside dismissal is DENIED.

**"END OF DOCUMENT"**